UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ALDAIR ESTRADA GARACHE,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-06251-KES<br><br>ORDER GRANTING THE PETITION AND ORDERING PETITIONER'S RELEASE FROM CUSTODY |

On October 22, 2026, Gary Aldair Estrada Garache ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 7.)

The Petition raises the following claims: (1) Respondents violated the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.8(c) by arresting him without a warrant (Pet. at 11-13); (2) Petitioner's detention violates his Fifth Amendment right to substantive due process because he is not a flight risk or a

danger to the community (id. at 13-16); (3) Respondents violated Petitioner's Fifth Amendment right to procedural due process by re-detaining him without a pre-deprivation hearing, even though he was released from ICE custody in 2022 (id. at 16-19); and (4) Respondents failed to follow the procedures required by DHS regulations when they arrested him, which violates the Administrative Procedures Act and the Accardi doctrine (id. at 19-21). The Petition seeks immediate release from custody and an injunction preventing his re-detention without a pre-deprivation hearing. (Id. at 22.)[1]

On October 26, 2026, the Court issued its Standing Order for § 2241 Immigration Petitions, which stated in relevant part:

> **Failing to file an answer by the due date—or filing an answer that fails to substantively respond to any claim in the petition—may result in the Court granting the petition or claim as unopposed.** … Based on conversations between leaders at the U.S. Attorney's Office and the district court, the Court understands that in some cases, the U.S. Attorney's Office intends to indicate its lack of opposition by filing neither a notice of appearance nor an answer. As a result, the Court will assume that the government's failure to file a timely notice of appearance and/or an answer was not inadvertent, and the Court will not sua sponte extend those deadlines.

(Dkt. 6.)

Respondents' response to the Petition was due by October 30, 2026. (Dkt. 5.) As of the date of this order, no response has been filed.

---

[1] To the extent Petitioner asks the Court to order that he be "relieve[d] … of any obligation to pay an 'inadmissible alien apprehension fee' pursuant to 8 U.S.C. § 1815(b)" (Pet. at 22), the Petition does not contain any allegation that he has been charged such a fee or any argument as to why he should be relieved of the obligation to pay it.

Based on the facts and law stated in the Petition, and in light of Respondents' lack of opposition, IT IS HEREBY ORDERED that:

1. Respondents shall **immediately release** Gary Aldair Estrada Garache (A# 241-908-263) from custody.
2. If Respondents have not released Petitioner **within three days** of the date of this order, Petitioner may file a request for an order to show cause re contempt.
3. Respondents shall not re-detain Petitioner without providing Petitioner a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that Petitioner's physical custody is required, or (b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.[2]

DATED: November 2, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

[2] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).